Good morning, Your Honors. My name is Sung Lee from the Federal Defender's Office in Sacramento. On behalf of Mr. Johnson, Mr. Johnson is in custody right now. Your Honor, I'd like to focus my arguments today on the second or successive issue, since that's the issue that we were appointed to brief. And that issue is whether Mr. Johnson's instant motion should be deemed second or successive because he had filed a previous motion, which was filed to recover his direct appeal rights, and when that petition was granted and he was resentenced. Now, five other circuits, as I've discussed in my briefs, have addressed this issue and held that such a motion is not second or successive, those being the Third, the Fourth, the Seventh, the Tenth, and the Eleventh. A district court in another circuit, the Sixth Circuit, has held also that such a motion under these circumstances is not second or successive. And the Second Circuit also has strongly supported this rule based on its holding in a closely analogous case. That case is Vasquez v. Parrott, which was also cited in our briefs. Now, today we would ask the Ninth Circuit, which has not discussed this issue before, to join the five circuits in holding that when a prisoner's first 2255 or 2254 motion is granted to reenter a judgment and sentence in order to permit a direct appeal, that any subsequent, the next subsequent habeas petition is not second or successive. And there are several persuasive reasons in support of this rule. I think the most clear and persuasive of these is that once a prisoner has been resentenced, it imposes a new judgment or sentence and a new order of custody. Therefore, that any habeas petition that follows a resentencing can only be attacking the resentence. And so it really has no relationship to a previous, to the previous petition, which was challenging the original sentencing. And I would ---- Was there really no relationship here? I mean, why was it that this problem wasn't raised at the time of resentencing since it had been identified before that time? No. The attorney did not object at resentencing. I can't help the feeling that was because of some understanding, because the issue was known by the time of resentencing, wasn't it? Yes. Yes. The attorney that represented Mr. Johnson in his first habeas petition did brief the IAC claim, which is now before the Court also. Which leads me to the inference that at the time of the resentencing, the parties simply went through the procedure to start the clock going but didn't address the issue that was on everybody's mind. But actually, Your Honors, it's really a different issue, because the first habeas petition was really addressing the deficient performance of Mr. Johnson's trial attorney. His name is Mr. Gonzales. But the petition that's now before the Court is really attacking his attorney's performance at his second sentencing. An attorney who admittedly knew the problem because it made the argument about the first attorney. Yes. And so it could be said that this attorney at the time of the resentencing may have made a strategic decision as part of getting the resentencing, not to say anything. I mean, it's just a puzzle to me as to why this issue, known to exist at the time of resentencing, was never mentioned at the time of resentencing. And now we're acting like, well, an attorney made exactly the same mistake, so we can act like it's the first one. He couldn't have made the same mistake, because he knew of the issue at that time. There must have been a conscious decision not to mention it, which means it's not really the same issue that was faced the first time. The counsel's performance isn't quite the same as the counsel's performance the first time. The argument is the first time, he just dropped the ball, didn't know, didn't raise it. The second time, the attorney plainly knew about it and made the election not to say anything about it. So is that really the same? Are we really focusing on the resentencing, or aren't we really trying to talk about the screw-up of the first attorney, which the second attorney thought he or she was not in a position to correct at the time of resentencing? Well, I'm not really sure why Mr. Johnson's second attorney, Mr. Brennan, did not raise the IAC claim that's now before the court. But as a matter of ‑‑ as a technical matter, it's just impossible for Mr. Johnson to be attacking his original sentencing, because it's null and void. Well, there is ‑‑ it's perfectly understandable if it turns out that, in fact, he was properly sentenced. If his original sentence was proper, Your Honor? Yeah, that he really had the ‑‑ for the kind of drugs that he was sentenced for. But the district court has already resentenced him, so I don't believe that the original sentence even exists anymore. Well, I know that. I mean, you may want it to exist, in the sense that if the claim is ineffective assistance of counsel, the counsel are in a different position, and you may want the ignorance of number one instead of the strategic decision of number two, particularly in a context, as Chief Judge Schroeder suggests, there may be evidence lying out there someplace that it is the ‑‑ and I've got to get my Ds in L straight, that it was the ‑‑ it actually was the meth that maybe could have been mentioned but wasn't, so the attorney didn't want to flag the issue the second time. Well, I ‑‑ I mean, how many times do we have to go through this? I think this is ‑‑ this would be the last time, Your Honor. I mean, I think we're getting more toward the merits of Mr. Johnson's claim now, and if that's what the court would rather discuss rather than the jurisdictional argument that ‑‑ Well, what was the point of having the resentencing? The point of ‑‑ It wasn't to give the opportunity to object to the type of meth or whatever it is that he was being sentenced for. Right. Mr. Johnson lost his direct appeal because his first attorney failed to file notice. Right. So he gets a resentencing. If you were his attorney, you weren't there? No, Your Honor. No. Well, if you were his attorney then, what would you do? If he had in fact been sentenced for the wrong one, you would object, I would assume. I would have objected, yes, Your Honor. I don't know why Mr. Brennan didn't object to the resentencing. But I gather what your argument is right now, and I guess you're confining it, it's not a second or successive petition, and I guess you're not going to argue the merits of it. I know you came in for a limited purpose, but it is his appeal on that. Well, I could argue the merits of it also, and I think we have a situation where the district court summarily dismissed Mr. Johnson's claim without any type of an evidentiary hearing, and I think what we've asked the court at this point is that it be remanded for an evidentiary hearing. But given the state of the record where there's nothing in it at this point, what would justify an evidentiary hearing? Your Honor, we acknowledge that Mr. Johnson failed to provide any records apart from his petition, but I think if you read the petition, he does state in there that if his attorney had acted with due diligence, it would have been discovered that the methamphetamine that he was found with was of the L isomer and not the D isomer, and that's in page 10 of his petition. So although that was not submitted as a separate declaration, Mr. Johnson did make that assertion in his petition. How do you deal with McMullen? Well, McMullen, I think we can distinguish that case because I think the problem that the Ninth Circuit had with Mr. McMullen was that he had failed to allege any facts in a direct appeal showing that he was entitled to IAC relief. And in this case, we know that Mr. Johnson did file a direct appeal, and he did point out in his direct appeal, and also we pointed out in our briefing in this case, that there were numerous other cases that occurred before Mr. Johnson was resentenced where attorneys were raising this objection about the government's failure to prove that the methamphetamine in question was the D isomer as opposed to the L isomer. So I think the standard for an evidentiary hearing in a 2255 case is pretty low. It's just they have to allege sufficient facts to state a claim. And I think although Mr. Johnson hasn't done it in the most effective manner since he is a pro se petitioner who's trying to do this while he's in custody, I think there is enough in there, in the record, to warrant remanding for an evidentiary hearing. You've almost used your time.  Thank you, Your Honor. A minute for rebuttal. Thank you. May it please the Court. I'm Samantha Spangler, assistant United States attorney. And this was my first trial back in October 1993, and I've been living with the case ever since. I think that Mr. Lee and the defendant wished the Court to establish a bright-line rule that whenever a habeas petitioner, 2255 movement, brings a motion that seeks reinstatement of a right to appeal lost through ineffective assistance of counsel, that that always is separated apart and should not be counted for purposes of the second or successive rule of the AEDPA. And the government is asking the Court just to decide this case. I think if the Court were to consider the proposition of issuing a bright-line rule, you would have to, in the context of this case, consider the role of counsel, as well as the nature of the proceedings reinstating the right to appeal, which is important. Well, where should we go against all the other circuits, though? I mean, we have to take that into consideration in consciously deciding to split with the other circuits. That's something we don't do particularly lightly. So why should we go against the grain of the authority of other circuits on this point? Now, I know you're prepared to talk about the merits of the appeal if we get that far, but just on the preliminary question, why should we buck the tide? Well, Your Honor, there are two circuits who have held that a petitioner must bring all their claims. And I don't think that you need to resolve this issue here. I'm not suggesting that you should or shouldn't buck the tide. I think you should resolve this case. And in this case, what makes it different from all the rest is that the movement was represented by counsel. He was not pro se. And he didn't simply seek reinstatement of his right for direct appeal. He raised all these other claims. And I think that's remarkably different. And I think that, as I was saying, I think you have to look at the nature of that proceeding, that resentencing proceeding that reinstated his right to direct appeal. What happened there? Was that merely a ministerial act by Judge Carlton in giving the guy his right to seek his direct appeal? That's my question. What was it? Or should it instead have been a full sentencing hearing? And that, how you look at that depends on the role of counsel. Now, if that were a pro se litigant standing before the court, you might expect that the court would merely ministerially resentence him so that he could then get counsel appointed for his direct appeal. But since he has counsel before the court, once the court has granted the 2255 motion and is now proceeding to resentencing, the counsel who's representing him, shouldn't that counsel be providing full counsel as contemplated by the Sixth Amendment rather than the 2255 counsel that the defendant doesn't even have the right to expect will act as that counsel? And once you have that resentencing proceeding, doesn't counsel have the obligation to bring to the court all issues pertaining to resentencing? And that's exactly what Mr. Brennan did. I'm sorry. I'm sorry for interrupting, but why doesn't that go to the merits? I mean, it seems to me the whole theory of habeas, of course, is you have one round of direct appeal and then you have your habeas. If you have a first habeas petition that reinstates the right to direct appeal and resentencing, then you're sort of back to square one in the process, it seems to me. And I realize that that is not perhaps rather issues and perhaps that's not the cleanest from your perspective, but the whole theory of habeas is it's a collateral challenge to the direct appeal. So once you get rid of the first collateral challenge, reinstate the direct appeal, it's hard for me to see why we don't start the clock back, even though some of the issues may have been raised in the first petition. Well, then if you simply start the clock over again and you don't address any of these issues that may or should or, in fact, have been raised on the 2255 that sought reinstatement of the appeal, then at the resentencing hearing, if there happens to be an attorney standing there, can he be ineffective for failing to raise all these things? Right, but see, that goes to the merits, it seems to me, as to the merits of the claim. But this is a jurisdictional bar that you're talking about, which is an altogether different matter, because we're saying, no, we can't even look at whether he's effective, ineffective, whether he was standing there or not. It's a jurisdictional bar and that's the end of it. And that's quite a different matter. And I know that this is a muddled issue, and I'm struggling with it myself, Your Honor. I'm just trying to help the Court as much as I can. I think, though, that when you've got counsel in a case the way you had here and he raises these issues, he raises the double jeopardy issue, he raises the gun bump issue that was later foreclosed by Watts, and he raises the DL methamphetamine issue, all of these are issues that would go to the resentencing if he wins on the 2255. And counsel representing a defendant on a 2255 must see that there are two paths in this road. The one path is he loses, and then he's got to appeal and ask the Ninth Circuit to reinstate the right to direct appeal. The other path is he wins. Well, what happens when he wins? The way the courts have been handling it, it's to have this ministerial or full resentencing proceeding, whatever you call it. And once the resentence is imposed, then the defendant gets 10 days from that date to file his notice of appeal. But the presumption in our case law is it's a full resentencing, right? I believe that's correct, Your Honor. So essentially, you've got all new live issues, new issues perhaps on the resentencing for appeal, new issues perhaps on habeas. But the government saw it in previous cases. We had a series of cases that said it was a limited right and the government's right to put on evidence on resentencing was limited, and we changed that on Bonk and opened it wide open pretty much for the government. So it seems to me, again, if we're putting things back to square one, even though some of the issues may have been determined, it wouldn't prevent the district court from redetermining them in the resentencing, right? Right. I think that at the time of the resentencing, the district court could have considered all those things. Right. So then we're faced with the issues if we get past the jurisdictional hurdle. Then we get to the issues you're talking about is what happened at the hearing, how we ought to look at that on a new habeas. Right. And under that, with the second or subsequent petition that is now before this court on appeal, the government's position is that because all those issues were raised, the defendant had his full and fair opportunity to have them litigated by the court. And Mr. Lee says he doesn't know why Mr. Brennan failed to raise the DL methamphetamine issue. I know why. It's because it lacked merit. At the time of the resentencing, this court had already issued McMullen. There was no reason for him to raise that. And there was also no reason for him to pursue the gun bump claim because Watts had been decided. There was no reason for him to pursue the double jeopardy claim because Hershey had been decided. Doesn't that neatly fit into habeas defense of saying it was a strategic decision? Yes, it does. So what's the harm to you if we get to the merits of this? Well, there's no harm, Your Honor, because I think that your ruling on the merits has to be in line with McMullen because this court can't overrule McMullen. However, I have an obligation to help the court with its jurisdictional issue, and you can't assume hypothetical jurisdiction. And I think that you just don't have jurisdiction here. But if we adopt your theory and adopt the minority rule, then we're throwing out a hole. It has really some serious collateral consequences. I'm not asking the court to adopt the minority rule. I'm asking the court to simply rule on this case, and this case is different than either the minority or the majority because the defendant had counsel and all these other issues were raised. So he had his full and fair opportunity. He, in fact, did raise them. He chose to abandon them when they became evident that they were lacking in merit. This case perhaps shouldn't even be published. I don't know that it helps in the rest of the cases. Yes, but how do we know that he felt it lacked merit? I realize that you believe that he felt that. But without an evidentiary hearing in an IAC, how do we know that that was his strategic reason? As a matter of the record in this case. As a matter of the record in this case, as argued in the government's first brief in this case, you have the timing of the things that happened. The DL methamphetamine and the double jeopardy claim were withdrawn at the same time. They were both withdrawn right after, within a month of Ursery being decided and within a month of the same district court judge rejecting the DL methamphetamine claim. And then at the sentencing, the attorney finally withdrew the gun bump issue because after he had filed his withdrawal of the first two issues, but before the resentencing, Watts had been decided by the Supreme Court. So you can assume from that, you can infer from that, that the attorney would have continued on with the other two claims up to sentencing had they not been shown to be lacking in merit. Thank you, Your Honor. Thank you. Very briefly, Your Honors, I think the court's recognition that the counsel's performance at the resentencing is really irrelevant to the jurisdictional question in this case is right on point. The only question as to the jurisdiction is, what relationship does the second petition have to the first petition? And they really have none, Your Honor. Once the court resentenced Mr. Johnson in 97, then it just reset the clock. And I think it's the Seventh Circuit in Chipek who says that once the defendant is resentenced, it resets the counter to zero in terms of the number of habeas petitions. And the government also raised the same argument that the resentencing is just a ministerial act in Olabodeh. That's a Third Circuit case that was decided this year. And the Third Circuit said, no, it's not ministerial. It's a resentence. So those are the only points I'd like to make. Okay. Thank you, counsel. Thank you. Case just argued and submitted for decision. We'll hear the next case, Hamilton v. Newland. Thank you.
judges: Schroeder, Thomas, Clifton